■ LION COPOLYMER, LLC, Respondent-Appellant, v KOLMAR AMERICAS, INC., Appellant-Respondent, et al., Defendants. [47 NYS3d 309]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 21, 2016, which, to the extent appealed from, found that the Transaction Confirmation and terms and conditions provided by defendant Kolmar Americas, Inc. (Kolmar) formed the parties' contract, and denied Kolmar's motion for summary judgment dismissing plaintiff's breach of contract claim, unanimously modified, on the law, to grant Kolmar's

motion for summary judgment, and otherwise affirmed, without . costs.

In July 2011, representatives from plaintiff Lion Copolymer, LLC (Lion) and Kolmar agreed, during a telephone call, that Kolmar would provide Lion with a certain amount of the industrial chemical butadiene that met certain specifications. Kolmar subsequently sent an email confirming the major details of the agreed-upon deal, and several days later, Kolmar sent a formal Transaction Confirmation and its terms and conditions, which included a provision that if Lion did not object within 48 hours, these documents would make up the parties' agreement. These documents also contained a forum selection/choice of law provision, a waiver of warranty provision, and a notice of claim provision.

We agree with the motion court that the Transaction Confirmation and Kolmar's terms and conditions, to which Lion did not object, constituted the parties' agreement. The forum selection, waiver of warranty and notice of claim provisions did not constitute a material alteration such as would require Lion's consent for enforcement.

Kolmar established Lion's failure to comply with the notice of claim provision. Lion's assertion that it complied with the two year requirement does not negate its obligation to provide an initial notice of claim within 90 days of discharge. In the absence of a timely notice of claim, Lion is barred from bringing its breach of contract claim, regardless of the questions raised regarding whether the butadiene was nonconforming when it was loaded onto a ship in the Netherlands and whether the butadiene testing in the Netherlands contained manifest errors. Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.